UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>EMMANUEL COLE, )<br>)<br>Defendant. )<br>) | Criminal No. 19-0086 (PLF)<br>Civil Action No. 24-0717 (PLF) |

MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant Emmanuel Cole's pro se Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 ("Def. Mot.") [Dkt. No. 25].[1] Mr. Cole argues that his conviction under 18 U.S.C. § 924(c)(1) is unconstitutional and must be vacated in light of the Supreme Court's holding in United States v. Davis ("Davis"), 588 U.S. 445 (2019). After careful consideration of the parties' papers, the relevant legal authorities, and the record in this case, the Court will deny Mr. Cole's motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

On September 1, 2018, Mr. Cole was involved in an armed robbery at a CVS drugstore in the District of Columbia. See Stmt. at 3. On March 5, 2019, a federal grand jury returned a seven-count indictment charging Mr. Cole with, among other things, one count of

---

[1]  The Court has reviewed the following documents in connection with the pending motion: Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 ("Def. Mot.") [Dkt. No. 25]; United States' Opposition to Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Gov't Opp.") [Dkt. No. 33]; Indictment as to Mr. Cole ("Indictment") [Dkt. No. 1]; Plea Agreement as to Mr. Cole ("Plea Agreement") [Dkt. No. 12]; Statement of Offense in Support of Guilty Plea ("Stmt.") [Dkt No. 13]; and Judgment as to Mr. Cole ("Judgment") [Dkt. No. 22].

Conspiracy to Interfere with Interstate Commerce by Robbery in violation of 18 U.S.C. § 1951 (conspiracy to commit Hobbs Act robbery) and one count of Using, Carrying, Brandishing, and Possessing a Firearm During a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2. See Indictment at 1-2. On July 15, 2020, Mr. Cole pleaded guilty to violating 18 U.S.C. §§ 924(c)(1)(A)(ii), 2. See Plea Agreement. On November 4, 2020, the Court sentenced Mr. Cole to 102 months in prison followed by sixty months of supervised release. See Judgment. A judgment of conviction was entered on November 16, 2020. See id. Mr. Cole did not appeal.

On March 12, 2024, Mr. Cole filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See Def. Mot. In that motion, Mr. Cole contends that the offense underlying his Section 924(c) conviction is conspiracy to commit Hobbs Act robbery, which he argues does not qualify as a "crime of violence." See id. at 4-5. He argues that his conviction therefore is unconstitutional. See id. The government filed an opposition on December 12, 2024. See Gov't Opp.[2]

## II. LEGAL STANDARD

A federal prisoner may move to vacate, set aside, or correct a sentence if he believes that the sentence was imposed, among other things, "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). As the movant, Mr. Cole "bears the burden of establishing a denial of constitutional rights by a preponderance of the evidence." United States v. Clark, 382 F. Supp. 3d 1, 27 (D.D.C. 2019) (citing Daniels v. United States, 532 U.S. 374, 381-82 (2001)). Upon determining that a sentence has been imposed unlawfully, the

---

[2]   Pursuant to Local Civil Rule 7(d), any reply was due on December 19, 2024. See LCvR 7(d). As of the date of this Memorandum Opinion and Order, no reply has been filed.

2

Court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." United States v. Cross, 256 F. Supp. 3d 46, 47 (D.D.C. 2017) (quoting 28 U.S.C. § 2255(b)); see also United States v. Palmer, 854 F.3d 39, 49 (D.C. Cir. 2017).

Section 924(c)(1)(A) imposes mandatory minimum sentences on defendants convicted of using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A); see also United States v. Mejia, 502 F. Supp. 3d 387, 390 (D.D.C. 2020) ("[A] defendant commits a § 924(c)(1) offense when he commits some other crime (the 'predicate crime') and, while so doing, possesses a firearm."). "Sentences under Section 924(c) may not run concurrently with any other sentence, including that of the underlying crime of violence or drug trafficking crime." United States v. Smith, 104 F.4th 314, 318 (D.C. Cir. 2024). As defined by statute, a "crime of violence" is a felony offense:

> (A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "The first clause is known as the elements clause; the second is known as the residual clause." St. Hubert v. United States, 140 S. Ct. 1727, 1728 n.2 (2020) (Sotomayor, J., respecting the denial of certiorari). In 2019, the Supreme Court held that the residual clause, 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. Davis, 588 U.S. at 470. As a result, an offense can qualify as a "crime of violence" only if it satisfies Section 924(c)(3)'s elements clause by including, as an element, the actual, attempted, or threatened use of physical force. See United States v. Smith, 104 F.4th at 318.

To determine whether an underlying crime satisfies Section 924(c)(3)'s elements clause, courts must employ a "categorical approach." See United States v. Smith, 104 F.4th at 319; see also United States v. Abu Khatallah, 316 F. Supp. 3d 207, 212 (D.D.C. 2018). Under this approach, courts "ignor[e] the particular facts of the case" and instead focus solely on whether the elements of the crime of conviction necessarily involve the use, attempted use, or threatened use of physical force as defined in Section 924(c)(3)(A). Mathis v. United States, 579 U.S. 500, 504 (2016); see also United States v. Smith, 104 F.4th at 319; United States v. Alazo, Criminal No. 20-0131 (ABJ), 2023 WL 8648827, at *4 (D.D.C. Dec. 14, 2023); United States v. Kennedy, 133 F.3d 53, 56 (D.C. Cir. 1998) ("A 'crime of violence' . . . [is] ordinarily designated as such by looking to the statutory definition of the crime, rather than the evidence presented to prove it."). This is because Section 924(c)(3)'s elements clause focuses on the legal "elements" of the underlying crime, not an individual's conduct in committing the crime. See United States v. Smith, 104 F.4th at 319; United States v. Taylor, 596 U.S. 845, 850 (2022) (holding that Section 924(c)(3)'s elements clause "precludes . . . an inquiry into how any particular defendant may commit the crime"). Specifically, courts must presume that the defendant's conviction "'rested upon [nothing] more than the least of th[e] acts' criminalized, before determining whether even those acts are encompassed by the generic federal offense." Moncrieffe v. Holder, 569 U.S. 184, 191 (2013) (alterations in original) (quoting Johnson v. United States, 559 U.S. 133, 137 (2010)). If the least culpable conduct criminalized under the relevant statute satisfies Section 924(c)(3)'s elements clause, then the defendant's conviction is a crime of violence. See United States v. Clark, Criminal No. 10-0133 (PLF), 2024 WL 4263866, at *3 (D.D.C. Sep. 23, 2024); United States v. Duran, Criminal No. 94-0447 (PLF), 2025 WL 1094221, at *3 (D.D.C. Apr. 11, 2025).

A federal prisoner's ability to bring a motion under Section 2255 is subject to a strict one-year time limitation. See 28 U.S.C. § 2255(f). That limitation is triggered by, as relevant here, "the latest of" (1) "the date on which the judgment of conviction becomes final" or (2) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id.; see United States v. Farley, Criminal No. 08-0118-5 (PLF), 2018 WL 4804691, at *5-6 (D.D.C. Oct. 4, 2018).

### III. DISCUSSION

In his Section 2255 motion, Mr. Cole argues that his Section 924(c)(1) conviction cannot stand because it was predicated on his participation in a conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, which he contends does not qualify as a "crime of violence" under Section 924(c)(3)'s elements clause. See Def. Mot. at 4-5. As the government points out, however, Mr. Cole's Section 2255 motion is untimely under 28 U.S.C. § 2255(f). See Gov't Opp. at 4; see also 28 U.S.C. § 2255(f). The Court entered a judgment of conviction as to Mr. Cole on November 16, 2020, more than one year after the Supreme Court decided Davis. See Judgment; see also Davis, 588 U.S. 445 (decided June 24, 2019). That judgment became final when Mr. Cole's time to file a direct appeal expired on November 30, 2020. See FED. R. APP. P. 4(b)(1)(A)(i); see also United States v. Farley, 2018 WL 4804691, at *6; United States v. Amaya-Ortiz, 296 F. Supp. 3d 21, 24 n.3 (D.D.C. 2017). Mr. Cole did not file his Section 2255 motion until March 24, 2024, more than three years after that date.

Mr. Cole acknowledges that his Section 2255 motion is untimely. See Def. Mot. at 3. Nonetheless, he contends that he is entitled to relief based on the "actual innocence" exception to Section 2255's statute of limitations. See id. The Supreme Court has held that

5

"actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). But the actual innocence standard is demanding: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

        Mr. Cole argues that he is "actually innocent" of a Section 924(c) violation because conspiracy to commit Hobbs Act robbery is not a valid predicate offense for a Section 924(c) conviction. Def. Mot. at 2-3, see also id. at 4 (collecting cases). But as the government rightly notes, the predicate offense for Mr. Cole's conviction was a completed Hobbs Act robbery—not conspiracy to commit Hobbs Act robbery. See Gov't Opp. at 5. The Statement of Offense accompanying Mr. Cole's plea agreement provides that the "crime of violence" underlying the Section 924(c) conviction is "Interference with Interstate Commerce by Robbery" (Hobbs Act robbery). Stmt. at 2. Moreover, the Statement of Offense specifically lists the elements of Hobbs Act robbery. See id. In his plea agreement, Mr. Cole acknowledged that the Statement of Offense "fairly and accurately describes [his] actions and involvement in the offense." Plea Agreement at 2; see United States v. Ortega-Hernandez, Criminal No. 12-00014 (APM), 2023 WL 4419770, at *5-6 (D.D.C. July 10, 2023) (looking to the terms of the plea agreement and the "Statement of Facts accompanying the plea agreement" to identify the offense underlying a Section 924(c) conviction).[3]

---

[3] It is of no consequence that Mr. Cole did not plead guilty to, and indeed was not charged with, the underlying crime of Hobbs Act robbery. See United States v. Barron, Criminal No. 95-0088-2 (PLF), 2025 WL 3187271, at *2 n.3 (D.D.C. Nov. 14, 2025) ("[A] § 924(c)(1)

6

Accordingly, the relevant question is whether Hobbs Act robbery—rather than conspiracy to commit Hobbs Act robbery—is a "crime of violence" under Section 924(c)(3)'s elements clause. This Court has held in the affirmative that it is. See United States v. Smith, Criminal No. 95-0218 (PLF), 2025 WL 2149399, at *3 (D.D.C. June 20, 2025) ("[C]ompleted Hobbs Act robbery qualifies as a crime of violence under Section 924(c)(3)'s elements clause."); United States v. Barron, Criminal No. 95-0088-2 (PLF), 2025 WL 3187271, at *4 (D.D.C. Nov. 14, 2025) ("Hobbs Act robbery in violation of Section 1951(a) qualifies as a 'crime of violence' under Section 924(c)(3)'s elements clause."). In so holding, the Court has recognized that although the D.C. Circuit has not yet weighed in, every court of appeals and every judge in this district that has considered that question has reached the same conclusion. See United States v. Smith, 2025 WL 2149399, at *3 (collecting cases).

Mr. Cole's Section 924(c) conviction accordingly is predicated on a "crime of violence" under Section 924(c)(3)'s elements clause. And he has not pressed an argument that he is "actually innocent" of that predicate offense. See generally Def. Mot. Mr. Cole thus has not established that an exception to Section 2255's statute of limitations applies. His claim therefore is time-barred.[4]

---

conviction stands on its own even if the defendant is acquitted of the underlying offense or the underlying offense is not charged, so long as the government presents sufficient evidence to prove the predicate offense as an element of the § 924(c)(1) violation." (quoting United States v. Anderson, 59 F.3d 1323, 1326 (D.C. Cir. 1995))).

[4]     The government also argues that Mr. Cole's Section 2255 motion should be denied because his guilty plea waives his collateral attack on his Section 924(c) conviction. See Gov't Opp. at 5-6. Because the Court agrees with the government that Mr. Cole's motion is time-barred, the Court need not reach the government's alternate argument.

For the foregoing reasons, it is hereby

ORDERED that defendant Emmanuel Cole's Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 [Dkt. No. 25] is DENIED.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 2/25/26